OPINION
{¶ 1} Defendants-appellants Don Campbell, et al. appeal the January 12, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which approved plaintiff-appellee City of Canton's revocation of 66 zoning permits relative to bench sign locations throughout Canton. Appellants also appeal the March 31, 2004 Judgment Entry, which awarded damages to the City for the removal of the bench signs, and ordered appellants pay court costs.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November, 1994, the Canton City Council adopted Codified Ordinance Section 1130.09, which regulated public bench signs in the City of Canton. Appellants Jeff Koury and Don Campbell were partners in a business known as Bench Signs Unlimited. On or about January 18, 1995, the Canton zoning inspector issued permit #95-14 to appellants. This permit allowed appellants to place approximately 400 bench signs at Stark Area Regional Transit Authority ("SARTA") bus stop locations. Appellant Koury signed the permit, which indicated Bench Signs Unlimited agreed to comply with city zoning regulations, and, in addition, only place bench signs at bus stop locations which had bus stop signs.
 {¶ 3} On February 6, 1997, and March 20, 1998, the City sent letters to appellants, advising appellants of certain bench signs which were alleged not to be in compliance with the Ordinance. The February 6, 1997 letter identified 54 bench signs in noncompliance; the March 20, 1998 letter identified approximately 16 bench signs in noncompliance.
 {¶ 4} On October 13, 2000, the City of Canton and the city's zoning inspector filed a Complaint in the Stark County Court of Common Pleas, seeking preliminary and permanent injunctive relief as well as money damages. The Complaint alleged appellants had failed to comply with the Ordinance and had breached the agreement between the parties to limit bench signs to bus stop locations with bus stop signs. The trial court denied the City of Canton's request for preliminary injunction via Judgment Entry January 5, 2001. The judgment entry also indicated appellants agreed to voluntarily remove three of the bench signs within seven days.
 {¶ 5} The trial court conducted an evidentiary hearing on April 26, 2001, and May 24, 2001. Via Judgment Entry filed June 14, 2001, the trial court found the City's revocation of permit #95-14 was valid and effective. Appellants appealed to this Court. We reversed and remanded, stating:
 {¶ 6} "In conclusion, this matter is remanded to the trial court to determine, from the record of the evidentiary hearing, on which permits appellants were provided the requisite notice of noncompliance and opportunity to cure. Then, the trial court must determine whether the City of Canton has shown that appellants failed to cure within a reasonable period of time." City of Canton v. Campbell, Stark App. No. 2001CA00205, 2002-Ohio-1856.
 {¶ 7} Upon remand, the trial court ordered the parties to brief their respective positions on the remand issues. Via Judgment Entry filed January 12, 2004, the trial court found the City of Canton had provided appellants with written notice of noncompliance and an opportunity to cure with respect to the 66 bench signs identified in Plaintiff's Exhibits 3, 4, and 5. The trial court further found the City had demonstrated appellants failed to cure these specific violations within a reasonable period of time. The trial court ordered appellants to remove the bench signs specifically identified in the aforementioned exhibits, and which the trial court numerated in the judgment entry, within thirty days. The trial court scheduled a damage hearing for March 5, 2004. Via Judgment Entry filed March 31, 2004, the trial court found the City was entitled to $1,375 as damages for the removal of the benches still in existence, and found appellants responsible for the cost of the action. The trial court found an award of attorney's fees unwarranted in the situation.
 {¶ 8} It is from these judgment entries appellants appeal, raising the following assignments of error:
 {¶ 9} "I. The Trial Courts [sic] finding that the appellee complied with the notice and opportunity to cure provisions in question, as well as its finding that the Appellants' [sic] failed to cure the conditions complained of by the appellee, with regard to 66 bench signs is against the manifest weight of the evidence and is not supported by sufficient evidence.
 {¶ 10} "II. The Trial Court erred and abused its discretion by awarding the city of canton costs and damages."
 I {¶ 11} In their first assignment of error, appellants maintain the trial court's findings the City of Canton provided appellants with notice and an opportunity to cure, and appellants failed to cure were against the manifest weight of the evidence.
 {¶ 12} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 13} In our previous opinion, this Court remanded the matter to the trial court to make two specific determinations. First, the trial court needed to determine, from the record of the evidentiary hearing, for which permits the City of Canton provided appellants with the requisite notice of noncompliance and opportunity to cure. Next, the trial court was to determine whether the City established appellants failed to cure those violations within a reasonable period time.
 {¶ 14} Upon review of the transcript of the evidentiary hearing and the three exhibits referenced by the trial court, we find the trial court properly determined appellants were on notice of the noncompliance and given an opportunity to cure the 66 bench signs enumerated.
 {¶ 15} We now turn to the second part of the remand instructions. In its January 12, 2004 Judgment Entry, the trial court found, "The City of Canton demonstrated that appellants failed to cure these specific bench violation within a reasonable period of time." In support of its finding, the trial court specifically refers to transcript pages 166-168, which read:
 {¶ 16} "BY MS. TATARSKY:
 {¶ 17} "Q. Now, Mr. Campbell, we agree, do we not, sir, so we can get out of here, that you have received numerous letters from the City of Canton, both the zoning inspector or the law department, regarding the violations of the benches in the City of Canton?
 {¶ 18} "MR. PARTLOW: Your Honor, I'm going to object.
 {¶ 19} "THE COURT: I will sustain the objection as to the word numerous. You may ask the witness if he has received citations from the City of Canton.
 {¶ 20} "BY MS. TATARSKY:
 {¶ 21} "Q. Would you agree with me that in April of 1998 you received a letter from the City of Canton outlining to you certain violations of the Canton City ordinance with regard to the bench signs?
 {¶ 22} "A. I suppose we have received letters from the city, yes. * * *
 {¶ 23} "Q. Hand you what's marked as Plaintiff's Exhibits 3, 4, and 5. Would you take a look at Plaintiff's Exhibit 3 and indicate to me whether you are familiar with that document?
 {¶ 24} "A. Yes.
 {¶ 25} "Q. So we are not disputing that you did receive a list of the benches that were not in compliance in 1998, are we, sir?
 {¶ 26} "A. Your list of no compliance, we have gone through this before.
 {¶ 27} "Q. I am not asking if you agree with it. I am only asking you whether you agree —
 {¶ 28} "A. I received the letter, yes, I did.
 {¶ 29} "Q. And do we agree that Plaintiff's Exhibit 4 was an attachment showing a survey of benches that were not in compliance?
 {¶ 30} "A. I don't believe that came with this letter, but it may have.
 {¶ 31} "Q. And do we agree, sir, that another letter was sent back in 1997 regarding the same issues as Plaintiff's Exhibit 5?
 {¶ 32} "A. Yes.
 {¶ 33} "Q. So we agree that bench signs in the City of Canton have been discussed, the issue of violations of the ordinance and the permit at least since 1997, do we not, sir?
 {¶ 34} "A. Yes.
 {¶ 35} "Q. Is it fair to say that benches still are not in compliance with the Canton City ordinance as we sit here today?
 {¶ 36} "A. As I answered earlier, at any particular time I'm sure there is a bench or two that are not in compliance by virtue of not anything that we have done.
 {¶ 37} "Q. So just so I understand, there is benches that are not in compliance." Tr. at 166-168.
 {¶ 38} Campbell acknowledges, in the aforementioned testimony, appellants were notified by the City of the violations via correspondence in February, 1997, and a subsequent correspondence in March, 1998. It is clear appellants failed to put the bench signs into compliance between 1997, and 1998. In their Brief to this Court, appellants assert only a few of the bench signs, which were enumerated on the City's exhibits, remained with some condition in violation of the ordinance at the time of trial. While such fact may be true, such does not negate the fact appellants failed to bring the bench signs of which the City originally notified them into compliance in the year period between 1997, and 1998. We find this acknowledgment by appellant Campbell to be sufficient from which the trial court could find appellants failed to cure within a reasonable period of time. Accordingly, we find the trial court did not err in so finding.
 {¶ 39} Appellants' first assignment of error is overruled.
 II {¶ 40} In their second assignment of error, appellants assert the trial court erred and abused its discretion in awarding the City of Canton damages, and ordering appellants to pay costs.
 {¶ 41} In its March 31, 2004 Judgment Entry, the trial court awarded the city $1,375 as damages for the removal of the benches and ordered appellants to pay court costs in the amount of $425.90.
 {¶ 42} At the time of the hearing, 25 of the 66 bench signs alleged to be in noncompliance had not yet been removed. The evidence adduced at the hearing established a cost of $55 per bench for removal. We find the trial court did not abuse its discretion in ordering appellant to pay the City for the removal of the remaining bench signs. We further find no abuse of discretion with respect to the trial court's award of court costs.
 {¶ 43} Appellants' second assignment of error is overruled.
 {¶ 44} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.